IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVA McCOY,

          Plaintiff,

v.                                               Case No. 22-2368

COTTONWOOD SPRINGS, LLC,
d/b/a Cottonwood Springs Behavioral
Health Hospital,

          Defendant.

## COMPLAINT

Dava McCoy, by and through counsel Theodore J. Lickteig, states as and for her Complaint in this action as follows:

### PARTIES, JURISDICTION AND VENUE

1. Dava McCoy is an individual who at all times material hereto resided in the State of Kansas.

2. Cottonwood Springs, LLC is a foreign limited liability company, is in good standing, whose nerve center and principal place of business is in the State of Tennessee and which may be served with process through its resident agent C T Corporation System 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

3. The Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on May 22, 2022. She filed an amended Charge of Discrimination on August 11, 2022.

4. On May 31, 2023, the EEOC issued a notice of right to sue to the Plaintiff.

5. The Plaintiff has exhausted her administrative remedies.

6. This action is timely filed.

1

7. This Court has subject matter jurisdiction through 28 U.S.C. § 1331, federal question jurisdiction and 28 U.S.C. § 1367(a), supplemental jurisdiction.

8. Venue is properly placed with this Court through 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the action occurred in this District.

## ALLEGATIONS OF FACT

9. Dava McCoy began working at Cottonwood Springs in early 2021 as a therapist.

10. She took pride in her work and enjoyed working with her patients.

11. However, in June, 2021, McCoy was diagnosed with optic neuritis. Her doctors believed that the optic neuritis was a symptom of an underlying, as-yet-undiagnosed condition.

12. Cottonwood Springs refused to allow McCoy to work around her need for regular doctor's appointments.

13. As a result, her condition worsened and she was forced to take a period of leave as directed by her doctors to treat her condition beginning in October, 2021.

14. In retaliation for taking the leave, Cottonwood Springs removed McCoy and her children from her health insurance coverage.

15. McCoy returned to work in April, 2022, after recovering enough from the symptoms of her condition.

16. Her doctors cleared her to return to work on a reduced schedule with no more than four hours a day in person, and up to one additional hour a day at home if it were necessary to complete paperwork.

17. McCoy worked with the Human Resources Director at the Olathe facilities, Halle Suderman to reach an agreement on McCoy's return to work.

18. McCoy had requested returning to her former position of adult outpatient therapist.

Suderman told McCoy that would not be fair to the other therapists. Ultimately, an agreement was reached to assign McCoy as a part-time therapist to the Changes facility, which specialized in treating minors.

19. From almost her first day back to work, McCoy was consistently asked to work significantly more than four hours and day in-person.

20. When McCoy stated concerns about the extended hours to her director Jay Logan, he told her that she was not authorized to work outside my restrictions.

21. Although that was true, it was also true that she was repeatedly asked to oversee group therapy sessions and hold one-on-one meetings with patients in crisis that would force her to work well beyond her allotted hours.

22. Because McCoy was told no one else could cover the group sessions, she felt constantly pressured to work far longer than her restrictions allowed. She deeply cared about the patients in the group sessions, which motivated her to serve rather than walk off the job.

23. On some days, a manager asked McCoy to sign out for the day while she was still working, and to email Logan with her extra time so that the time could be slotted into her timesheet as necessary to make it appear that she was not working outside of her restrictions.

24. When McCoy complained to Logan about this, he told her that she should just leave after four hours, no matter the situation.

25. McCoy then explained to Logan she wanted Cottonwood Springs to develop a different accommodation because leaving her patients with no guidance and supervision would be unethical and would put patients at risk.

26. The pattern of working McCoy outside of her restrictions continued for approximately the next two weeks.

27. Cottonwood Springs pushed McCoy to work outside of her restrictions, refused to follow through on its promise to make her needed accommodation workable, and then admonished her when she was forced to violate the initial accommodations.

28. Given the consistent overwork and stress McCoy was put through, her health began to rapidly decline.

29. On May 15, 2022, McCoy was forced to resign due to Cottonwood Springs's failure to adequately accommodate her disability.

30. Logan habitually and inappropriately edited her hours. For example, he did not permit McCoy to record her starting time when she was required to start work through a Zoom meeting.

31. Logan also cut off time at the end of McCoy's work days. By these edits, it appears in the time records that Cottonwood was honoring the accommodation on hours worked each day.

32. Cottonwood hired McCoy at a rate of $54,000 annually. She later discovered she was paid less than at least two male counselors. They had the same experience and license level as McCoy.

33. McCoy then discovered that a posting of an open position of counselor at Cottonwood paid $68,000 annually. Logan gave Ms. McCoy a raise to $60,000 after Ms. McCoy brought this to his attention.

<u>COUNT I</u>
<u>AMERICANS WITH DISABILITIES ACT – FAILURE</u>
<u>TO FOLLOW AGREED ACCOMMODATIONS</u>

34. The Plaintiff incorporates by reference paragraphs 1 through 33 as if fully stated herein.

35. The Defendant is an "employer" as that word is defined at 42 U.S.C. § 12111(5)(A) in

that it has engaged in an industry affecting commerce and has had fifteen or more employees in the calendar years at issue.

36. The Plaintiff is an "employee" as that word is defined at 42 U.S.C. § 12111(4) in that she was employed by the Defendant.

37. The Plaintiff is a "qualified individual" as that phrase is defined at 42 U.S.C. § 12111(8)

38. The Plaintiff had a "disability" as that word is defined at 42 U.S.C. § 12102(1), which substantially limited one or more "major life activities" as that phrase is used at 42 U.S.C. § 12102(2)(A).

39. The Defendant discriminated against the Plaintiff in that it did not maintain reasonable accommodations that had been agreed upon for the Plaintiff's known physical limitations in violation of 42 U.S.C. § 12112(b)(5)(A).

40. The Plaintiff was qualified, with reasonable accommodations, to perform the essential functions of her position.

41. The Plaintiff was constructively discharged by the Defendant after the Defendant did not maintain reasonable accommodations that had been agreed upon.

42. The Plaintiff has sustained damages.

43. The Plaintiff has mitigated her damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in her favor against the Defendant in excess of $75,000.00, for her costs, litigations expenses, a reasonable attorney fee, pre-judgment interest, and for such other and further relief as the Court may deem just and equitable.

COUNT II
AMERICANS WITH DISABILITIES ACT – RETALIATION FOR TAKING LEAVE

44, The Plaintiff incorporates by reference paragraphs 1 through 33 as if fully stated herein.

44. The Defendant is an "employer" as that word is defined at 42 U.S.C. § 12111(5)(A) in that it has engaged in an industry affecting commerce and has had fifteen or more employees in the calendar years at issue.

45. The Plaintiff is an "employee" as that word is defined at 42 U.S.C. § 12111(4) in that she was employed by the Defendant.

46. The Plaintiff is a "qualified individual" as that phrase is defined at 42 U.S.C. § 12111(8)

47. The Plaintiff had a "disability" as that word is defined at 42 U.S.C. § 12102(1), which substantially limited one or more "major life activities" as that phrase is used at 42 U.S.C. § 12102(2)(A).

48. The Defendant retaliated against the Plaintiff in that it did not honor and maintain reasonable accommodations that had been agreed upon for the Plaintiff's known physical limitations in violation of 42 U.S.C. § 12112(b)(5)(A) and after entering into the protected activity of requesting accommodations in violation of 42 U.S.C. § 12203(a).

49. The Plaintiff was qualified with reasonable accommodations to perform the essential functions of her position

50. The Plaintiff was constructively discharged by the Defendant after the Defendant retaliated against the Plaintiff.

51. The Plaintiff has sustained damages.

52. The Plaintiff has mitigated her damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in her favor against the

Defendant in excess of $75,000.00, for her costs, litigations expenses, a reasonable attorney fee, pre-judgment interest, and for such other and further relief as the Court may deem just and equitable.

COUNT III
AMERICANS WITH DISABILITIES ACT – FAILURE
TO ENGAGE IN INTERACTIVE DIALOGUE

53. The Plaintiff incorporates by reference paragraphs 1 through 33 as if fully stated herein.

54. The Defendant is an "employer" as that word is defined at 42 U.S.C. § 12111(5)(A) in that it has engaged in an industry affecting commerce and has had fifteen or more employees in the calendar years at issue.

55. The Plaintiff is an "employee" as that word is defined at 42 U.S.C. § 12111(4) in that she was employed by the Defendant.

56. The Plaintiff is a "qualified individual" as that phrase is defined at 42 U.S.C. § 12111(8)

57. The Plaintiff had a "disability" as that word is defined at 42 U.S.C. § 12102(1), which substantially limited one or more "major life activities" as that phrase is used at 42 U.S.C. § 12102(2)(A).

58. The Defendant did not engage in an interactive dialogue with the Plaintiff after the Plaintiff had given notice of her disability to the Defendant and had presented a plausibly reasonable accommodation in violation of 42 U.S.C. § 12112(b)(5)(A), which forced the Plaintiff take leave from her position.

59. The Plaintiff was qualified with reasonable accommodations to perform the essential functions of her position

60. The Plaintiff was forced to take leave from her position as a form of self-help accommodation.

7

61. The Plaintiff has sustained damages from being forced to take a leave from her position.

62. The Plaintiff has mitigated her damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in her favor against the Defendant in excess of $75,000.00, for her costs, litigations expenses, a reasonable attorney fee, pre-judgment interest, and for such other and further relief as the Court may deem just and equitable.

<u>COUNT IV</u><br><u>AMERICANS WITH DISABILITIES ACT – RETALIATION</u><br><u>BY REMOVAL OF HEALTH INSURANCE</u>

63. The Plaintiff incorporates by reference paragraphs 1 through 33 as if fully stated herein.

64. The Defendant is an "employer" as that word is defined at 42 U.S.C. § 12111(5)(A) in that it has engaged in an industry affecting commerce and has had fifteen or more employees in the calendar years at issue.

65. The Plaintiff is an "employee" as that word is defined at 42 U.S.C. § 12111(4) in that she was employed by the Defendant.

66. The Plaintiff is a "qualified individual" as that phrase is defined at 42 U.S.C. § 12111(8)

67. The Plaintiff had a "disability" as that word is defined at 42 U.S.C. § 12102(1), which substantially limited one or more "major life activities" as that phrase is used at 42 U.S.C. § 12102(2)(A).

68. The Defendant retaliated against the Plaintiff in that it removed her health insurance coverage under the Defendant's group policy after she took a leave from her position to accommodate her disability in violation of 42 U.S.C. § 12112(b)(5)(A).

69. The Plaintiff was qualified with reasonable accommodations to perform the essential functions of her position

70. The Plaintiff was forced to rely on her husband's health insurance coverage with the Defendant, but at a substantially higher cost.

71. The Plaintiff has sustained damages.

72. The Plaintiff has mitigated her damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in her favor against the Defendant in excess of $75,000.00, for her costs, litigations expenses, a reasonable attorney fee, pre-judgment interest, and for such other and further relief as the Court may deem just and equitable.

## COUNT V
## EQUAL PAY ACT

73. The Plaintiff incorporates by reference paragraphs 1 through 33 as if fully stated herein.

74. The Plaintiff was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the job.

75. The conditions where the work was performed were basically the same as for the males.

76. The male employees were paid more under such circumstances in violation of 29 U.S.C. § 206(d)(1).

77. The Plaintiff has sustained damages.

78. The Plaintiff has mitigated her damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in her favor against the Defendant in excess of $75,000.00, for liquidated damages, for her costs, litigations expenses, a reasonable attorney fee, pre-judgment interest, and for such other and further relief as the Court may deem just and equitable.

## COUNT VI
## KANSAS WAGE PAYMENT ACT

79. The Plaintiff incorporates by reference paragraphs 1 through 33 as if fully stated herein.

80. The Defendant is an "employer" as that word is used at K.S.A. 44-313(a).

81. The Plaintiff was an "employee" as that word is used at K.S.A. 44-313(b).

82. During the course of the Plaintiff's employment, wages that were undisputed were not paid in violation of K.S.A. 44-316(a).

WHEREFORE, the Plaintiff requests the Court to enter a judgment in her favor against the Defendant in excess of $75,000.00, for a penalty of 1 percent of the unpaid wages for each day, except Sundays and legal holidays upon which such failure continues after the eighth day after the day upon which payment is required or in an amount equal to 100 percent of the unpaid wages, whichever is less, for her costs, litigations expenses, pre-judgment interest, and for such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

*/s/ Theodore J. Lickteig*
Theodore J. Lickteig #12977
Lickteig Law Firm, LLC
12760 W. 87th Street, Suite 112
Lenexa, Kansas 66215
913-894-1090
tjllawoffice@planetkc.com
*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, by and through counsel, requests a jury trial on all issues so triable.

Respectfully submitted,

*/s/ Theodore J. Lickteig*
Theodore J. Lickteig #12977
Lickteig Law Firm, LLC
12760 W. 87th Street, Suite 112
Lenexa, Kansas 66215
913-894-1090
tjllawoffice@planetkc.com
*Attorney for Plaintiff*